# IN THE COURT OF APPEALS OF IOWA

No. 18-1333
Filed January 23, 2019

**IN THE INTEREST OF T.S.,**
**Minor Child,**

**S.G., Mother,**
     Petitioner-Appellant,

**T.A.S., Father,**
     Respondent-Appellee.

_____

Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block, District Associate Judge.

A mother appeals the juvenile court's decision denying her petition seeking to terminate the father's parental rights. **REVERSED AND REMANDED.**

Lori L. Nelson of The Sayer Law Group, P.C., Waterloo, for appellant.

T.A.S., Waterloo, pro se appellee father.

Timothy J. Luce of Anfinson & Luce, PLC, Waterloo, guardian ad litem for minor child.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A mother appeals the district court's decision denying her petition seeking to terminate the father's parental rights. We find the father abandoned the child and termination is in the child's best interest. We reverse the juvenile court's decision.

### I. Background Facts & Proceedings

S.G., mother, and T.A.S., father, are the parents of a child, T.S., born in 2012. The parents never married. The parents' relationship ended in August 2012, several months after the child's birth, after the father was charged with domestic abuse assault against the mother. A five-year protective order was put in place for the mother.

After the parties separated, the father was convicted of further domestic abuse assault charges and child endangerment for another child. No custodial order or request for support has been filed with the court. The father has not seen or sought contact with the child since 2013.

The mother has full-time employment and is able to meet all of the child's needs. The mother lives near her parents' home and her brother's family. In March 2018, the mother established a co-guardianship with her parents to ensure her child's future care. The mother is presently engaged to be married.

In March 2018 the mother filed a petition to terminate the father's parental rights. Following nine separate attempts by the mother to serve the petition on the father, including in person at his home addresses and work address and phone calls to all phone numbers found, the court authorized notice via publication. The father did not oppose the petition, appear in court, or otherwise show any interest

in maintaining his parental rights. The mother and maternal grandfather testified at the hearing. The child's guardian ad litem stated at the close of the hearing that termination of the father's parental rights "may be in the child's best interest."

On July 6, the district court ruled the father had abandoned the child—the father provided no support for the child, had no relationship with the child, and had not had or sought contact with the child since 2013. The court found the child had a right to financial support from the father and the father did not pose a threat to the child; the court ruled terminating the father's parental rights was "not in the child's or the community's best interests." The court dismissed the mother's petition to terminate the father's rights.

The mother filed a motion to reconsider, enlarge, or amend pursuant to Iowa Rule of Civil Procedure 1.904. The mother provided documentation of the father's criminal history including domestic abuse assaults, child endangerment, and positive drug screens occurring after the parties separated. The court denied the motion.

The mother appeals.

## II.     Standard of Review

Our review in private termination proceedings is de novo. *In re G.A.*, 826 N.W.2d 125, 127 (Iowa Ct. App. 2012). We give deference to the factual findings of the juvenile court, especially those relating to the credibility of witnesses, but we are not bound by the court's findings. *In re R.K.B.*, 572 N.W.2d 600, 601 (Iowa 1998). The grounds for termination of a parent's rights must be established by clear and convincing evidence. *In re C.A.V.*, 787 N.W.2d 96, 100 (Iowa Ct. App.

2010).  Our primary concern in private termination proceedings is the best interest of the child.  Iowa Code § 600A.1 (2018); *G.A.*, 826 N.W.2d at 127.

**III.**    **Analysis**

**A.**    **Abandonment.**   Iowa Code chapter 600A provides the exclusive means for a voluntary termination of parental rights by a parent or prospective parent.  *See G.A.*, 826 N.W.2d at 127 n.1 (quoting *In re T.N.M.*, 542 N.W.2d 574, 576 (Iowa Ct. App. 1995)).

Section 600A.8(3)(b) provides:

> If the child is six months of age or older when the termination hearing is held, a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

The phrase, "[t]o abandon a minor child" has been defined as meaning a parent "rejects the duties imposed by the parent-child relationship, . . . which may be evinced by the person, while being able to do so, making no provision or making only a marginal effort to provide for the support of the child or to communicate with the child." Iowa Code § 600A.2(19).

The father here has not maintained substantial and continuous nor repeated contact with the child through communication, visitation, or any contribution toward

the child's support. We find the father has abandoned the child within the meaning of section 600A.8.

**B.  Best interest of the child.** The Iowa Code specifies requirements for a biological parent to undertake for the best interest of the child. This includes the requirement the parent "affirmatively assume the duties encompassed by the roll of being a parent." *Id.* § 600A.1. We consider the child's physical, mental, and emotional needs and the parent-child bond in determining the best interest of the child. *In re Q.G.*, 911 N.W.2d 761, 771 (Iowa 2018). The burden is on the parent seeking to terminate the other's rights to show by clear and convincing evidence the child's best interest would be advanced by the termination. *Id.* at 770.

Here, the mother has shown the father has not demonstrated any interest in the child, has not made any effort to maintain communication, and has not maintained any place in the child's life. *See G.A.*, 826 N.W.2d at 131. The only support provided by the father consisted of two cans of formula years ago. The father has not made even a nominal effort to resist this termination. On the other hand, the mother is self-supporting and has made arrangements for the care of the child if something should happen to her. Termination of the father's rights will not alter the status quo and will protect the future of the child with the only family the child has known. We conclude termination of the father's parental rights is in the child's best interest.

**REVERSED AND REMANDED.**